(8 Misc. Rep. 41.)

### HEFFRAN v. BROOKLYN HEIGHTS R. CO.

(City Court of Brooklyn, General Term. April 24, 1894.)

STREET RAILROADS—RIGHT TO USE OF STREET.

> Street railroads have the paramount, but not exclusive, right to the use of their tracks, and are liable for injuries caused by their negligence to persons on the track.

Appeal from trial term.

Action by James Heffran against the Brooklyn Heights Railroad Company to recover damages for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Morris & Whitehouse, for appellant.

Wm. Van Wyck, for respondent.

CLEMENT, C. J. The plaintiff, on July 31, 1893, was driving a heavily loaded truck along Franklin avenue, in a northerly direction. There were pieces of iron on the load, which projected four or five feet beyond the end of the truck. When Fulton street was reached, he turned into that street in an easterly direction, and, in order to avoid striking a car standing on Franklin avenue, made a long sweep, and in doing so drove the truck on the northerly or down track of Fulton street. When the truck was almost out of the northerly track, the front wheel was struck by an electric car, and,

as a result of the collision, the plaintiff was thrown from his seat, which was six feet above the ground, and sustained an injury. There was testimony tending to show that the trolley car was running at a rapid rate of speed. The counsel for the appellant raises the single point that the plaintiff should have been nonsuited on the ground of contributory negligence. The law is well settled that a street-railroad company does not have the exclusive right to the use of its tracks. Its right is paramount, and foot travelers and drivers of vehicles must respect such right. Fleckenstein v. Railroad Co., 105 N. Y. 665, 11 N. E. 951; Adolph v. Railroad Co., 76 N. Y. 530. On the other hand, if a driver, as matter of necessity, must turn his truck on a track, the motorman on an electric car cannot negligently run him down. If, in the present case, the motorman had exercised care, he could easily have avoided the collision. The truck and the car were running in nearly opposite directions, and the truck at the time was nearly off the track. The question of contributory negligence of the plaintiff was clearly one for the jury, and the verdict on that issue is conclusive. Judgment and order denying new trial affirmed, with costs.